**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 24-7014**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

AKIBA MATTHEWS,

Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Baltimore. Catherine C. Blake, Senior District Judge.  (1:07-cr-00581-CCB-1)

Submitted:  January 23, 2025                    Decided:  January 29, 2025

Before WILKINSON, WYNN, and THACKER, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

Akiba Matthews, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Akiba Matthews appeals the district court's order denying his fifth motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). We vacate and remand for further proceedings.

In March 2021, the district court granted Matthews's first motion for compassionate release, to which the Government consented, reducing his sentence to 20 years' imprisonment. As part of the agreement, Matthews waived his right to seek a further sentence reduction based on COVID-19. The district court granted the motion without explanation. Thereafter, Matthews filed a second motion for compassionate release, in which he challenged his 18 U.S.C. § 922(g)(1) conviction. The district court denied that motion due to the parties' agreement. Matthews then filed his third and fourth motions for compassionate release, in which he challenged his 18 U.S.C. § 924(c) conviction. The district court denied those motions, again relying on the parties' agreement. On appeal, we explained that Matthews had not waived his right to seek compassionate release on grounds apart from COVID-19. But we nevertheless affirmed, finding no abuse of discretion.

Matthews raised multiple grounds for relief in his fifth motion for compassionate release, and the Government engaged with the substance of the motion in its response in opposition. The district court, however, denied the motion in a brief order, noting that we had affirmed the denial of Matthews's most recent motion for compassionate release and finding that Matthews had not shown a change in circumstances demonstrating extraordinary and compelling reasons for a further sentence reduction.

2

We "review[] the denial of compassionate release motions pursuant to 18 U.S.C. § 3582(c)(1)(A) for an abuse of discretion. In doing so, we ensure that the district court has not acted arbitrarily or irrationally, has followed the statutory requirements, and has conducted the necessary analysis for exercising its discretion." *United States v. Brown*, 78 F.4th 122, 127 (4th Cir. 2023) (citation and internal quotation marks omitted).

"In analyzing a motion for compassionate release, district courts must determine: (1) whether extraordinary and compelling reasons warrant such a reduction; and (2) that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *United States v. Malone*, 57 F.4th 167, 173 (4th Cir. 2023). After conducting this analysis, the district court may "grant the motion if (3) the relevant 18 U.S.C. § 3553(a) factors, to the extent they are applicable, favor release." *Id.*

A district court is not required to explicitly acknowledge and address each one of the movant's arguments in support of compassionate release. *United States v. Davis*, 99 F.4th 647, 559 (4th Cir. 2024). Still, the district court must "set forth enough to satisfy [our] court that [it] has considered the parties' arguments and has a reasoned basis for exercising [its] own legal decisionmaking authority." *Id.* (internal quotation marks omitted).

On appeal, Matthews argues that the district court failed to consider any of his grounds for compassionate release. We agree that the district court's explanation was deficient. Matthews's first motion was based on COVID-19, and his next three motions sought relief that is not available through a motion for compassionate release. *See United States v. Ferguson*, 55 F.4th 262, 270-72 (4th Cir. 2022) (recognizing that defendant may

3

not challenge validity of conviction in compassionate release motion). In contrast, his fifth motion raised some potentially valid grounds for compassionate release. *See* U.S. Sentencing Guidelines Manual § 1B1.13(b), p.s. (2023). Because the district court did not analyze those arguments in its order, we cannot engage in meaningful appellate review. To ensure that the district court considered Matthews's arguments in support of his fifth motion for compassionate release, we vacate the district court's order and remand for a fuller explanation.[*] And because Matthews's release date is fast approaching, the mandate shall issue forthwith so that the district court may proceed without delay.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*VACATED AND REMANDED*

---

[*] We express no view on the merits of Matthews's motion.